

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00321-CV

Arthur R. **HOLLOWAY**, Jr.,
Appellant

v.

Rhonda **HACKETT**, Jahari Bean, Roland Fierre, Jamari Holloway, Terrance Simmons, Frank
Stengel, F/N/U Dabarus, F/N/U Tadonna,
Appellees

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 23-09-00164-CVK
Honorable Russell Wilson, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
               Beth Watkins, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: July 17, 2024

DISMISSED FOR LACK OF JURISDICTION

On March 15, 2024, appellant filed a notice of appeal from the trial court's order denying his petition to take pre-suit depositions under Texas Rule of Civil Procedure 202. "Presuit deposition orders are appealable only if sought from someone against whom suit is *not* anticipated; when sought from an anticipated defendant . . . such orders have been considered ancillary to the subsequent suit, and thus neither final nor appealable." *In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008).

Appellant's trial court petition identified eight individuals he wished to depose. However, his petition did not specify whether he intended to file suit against some, all, or none of those individuals. *See id.*; *see also In re Mora*, No. 04-13-00036-CV, 2013 WL 988183, at *1 (Tex. App.—San Antonio Mar. 13, 2013, no pet.) (per curiam) (mem. op.). Accordingly, on June 5, 2024, we ordered appellant to provide written proof to this court that he did not anticipate filing suit against the eight individuals identified in his petition. Our order noted that if appellant failed to file the required written proof, we would dismiss this appeal for lack of jurisdiction. *See In re Mora*, 2013 WL 988183, at *1.

On July 8, 2024, appellant filed a written response to our order. Appellant's response stated that he no longer wished to pursue the appeal because he intended to file suit against "certain appellees." Because appellant's response indicated that he sought pre-suit depositions from at least one "anticipated defendant," the challenged order is "neither final nor appealable." *In re Jorden*, 249 S.W.3d at 419. We therefore dismiss the appeal for lack of jurisdiction. *See In re Mora*, 2013 WL 988183, at *1.

PER CURIAM